**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Eric Kretschmar

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ERIC KRETSCHMAR,

Plaintiff,

vs.

CITY OF ORANGE; DONOVAN PERRY; STEPHEN AGUIRRE; MICHAEL RODRIGUEZ; and DOES 1 through 10, inclusive,

Defendants.

Case No.:

COMPLAINT FOR DAMAGES FOR:

1. Violation of Fourth Amendment Rights – Unlawful Arrest;

2. Violation of Fourth Amendment Rights – Excessive Force;

3. Violation of Fourth / Fourteenth Amendment – Malicious Prosecution;

4. Violation of Fourth / Fourteenth Amendment – Deliberate Fabrication of Evidence;

5. Violation of Fourth Amendment – Unlawful Search of Vehicle;

6. Violation of Fourth Amendment – Unlawful Seizure of Vehicle;

7. Violation of First Amendment – Freedom of Speech;

8. Municipal Liability – Failure to Train and/or Discipline;

9. Municipal Liability – Unconstitutional Custom/Practice and/or Policy.

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff Eric Kretschmar and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Eric Kretschmar, hereinafter referred to as "KRETSCHMAR" or "Plaintiff KRETSCHMAR", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

4. Defendant City of Orange, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendant Donovan Perry, hereinafter also referred to as "PERRY", is, and at all times complained of herein, was, a peace officer employed by the Orange Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

6. Defendant Stephen Aguirre, hereinafter also referred to as "AGUIRRE", is, and at all times complained of herein, was, a peace officer employed by the Orange Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

7. Defendant Michael Rodriguez, hereinafter also referred to as "RODRIGUEZ", is, and at all times complained of herein, was, a peace officer employed by the Orange Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

8. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Orange Police Department, who in some way committed some or all of the tortious actions (and unconstitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain, unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains

and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or police making and/or final policy making officials, employed by Orange Police Department and/or defendant City of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange Police Department for, *inter alia*,: 1) unlawfully arresting persons; 2) for using excessive force upon persons; 3) fabricating evidence; 4) attempting to prevent persons from seeking redress; 5) unlawfully towing vehicles; and 6) covering up tortious conduct by Orange Police Department peace officers.

11. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

12. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

officers, with the Orange Police Department and/or otherwise with defendant CITY[1].

13. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

14. In addition to the above and foregoing, Defendant PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15. Defendant PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Such as a City executive officer.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure / Arrest of Person**
**(Against Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive)**

17. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18. During the evening of Friday, March 21, 2025, KRETSCHMAR was driving his vehicle, in the area near the Orange Circle in the City of Orange.

19. As KRETSCHMAR drove through the intersection near West Chapman Avenue and North Olive Street, he observed a marked Orange Police Department patrol vehicle operated by Defendant PERRY.

20. KRETSCHMAR then parked his vehicle in a parking lot located near South Olive Street.

21. PERRY followed KRETSCHMAR's vehicle into the parking lot.

22. After parking, KRETSCHMAR exited his vehicle. He had his earbuds in and was listening to music. He had his wallet and cellphone in his hands.

23. KRETSCHMAR then walked out of the parking lot.

24. Without any warning, without any verbal command that KRETSCHMAR could hear through his earbuds and without giving KRETSCHMAR any meaningful opportunity to comply with any order, PERRY grabbed KRETSCHMAR from behind.

25. According to PERRY's police report, he grabbed KRETSCHMAR's left arm and told him to sit on the ground. PERRY reported that KRETSCHMAR "tensed up" and "refused to comply." Both allegations are not true. Both misrepresentations were knowingly false and made in an effort to induce the district attorney's office into prosecuting KRETSCHMAR.

26. PERRY then pushed KRETSCHMAR to the ground. PERRY then admitted to delivering approximately two knee strikes to the left side of KRETSCHMAR's abdomen, followed by approximately two punches to the right side of KRETSCHMAR's abdomen, followed by at least two punches to the left side of KRETSCHMAR's face.

27. At the time PERRY was delivering these blows, KRETSCHMAR was on the ground and posed no threat of harm to anyone.

28. AGUIRRE then arrived on scene while KRETSCHMAR was on the ground and PERRY was punching KRETSCHMAR. According to AGUIRRE's police report, upon arrival he observed PERRY struggling with KRETSCHMAR. Despite the fact that KRETSCHMAR was restrained and on the ground, AGUIRRE delivered a knee strike with his right knee to KRETSCHMAR's upper back and two closed-fist punches to KRETSCHMAR's left chest area.

29. Defendant RODRIGUEZ also arrived on scene while KRETSCHMAR was on the ground. According to RODRIGUEZ' police report, RODRIGUEZ placed his "entire bodyweight" onto his right knee, pressing it into KRETSCHMAR's left stomach area to prevent KRETSCHMAR from rolling. RODRIGUEZ then applied an arm control hold to assist in handcuffing.

30. KRETSCHMAR was then placed in handcuffs. Throughout the entirety of the altercation, KRETSCHMAR made no threatening movements toward any officers, was unarmed, and did not attempt to flee or resist the officers.

31. KRETSCHMAR was then transported to OC Global Hospital in Santa Ana, California, for emergency medical treatment.

32. The defendant officers then searched KRETSCHMAR's vehicle which revealed no weapons, no illegal narcotics, and no alcohol. There was no lawful justification to search KRETSCHMAR's vehicle.

33. Once KRETSCHMAR was cleared for booking by OC Global Hospital, KRETSCHMAR was taken to Orange County Jail for an alleged violation of Cal. Penal Code sections 69 and 148(a)(1).

34. The defendant officers also then unlawfully had KRETSCHMAR's vehicle towed, causing KRETSCHMAR to pay tow and impound fees. There was no lawful justification to cause KRETSCHMAR's vehicle to be towed.

35. Defendants PERRY, AGUIRRE and RODRIGUEZ then authored bogus police reports all of which intentionally mischaracterized KRETSCHMAR's conduct as violent and resistant. All of which is not true. Defendants PERRY, AGUIRRE and RODRIGUEZ made these misrepresentations in their reports in an effort to induce the Orange County District Attorney's Office into prosecuting KRETSCHMAR for violating Cal. Penal Code sections 69 and 148(a)(1).

36. Defendants PERRY, AGUIRRE and RODRIGUEZ wanted to induce the Orange County Sheriff's Department into prosecuting KRETSCHMAR for violating Cal. Penal Code sections 69 and 148(a)(1) because Defendants PERRY, AGUIRRE and RODRIGUEZ wanted to prevent KRETSCHMAR from seeking redress for the constitutional violations that he endured at their hands. It is widely known among law enforcement agencies in California that conviction for violating Cal. Penal Code sections 69 or 148(a)(1) will bar a person from suing police officers for misconduct.

37. Relying upon the misrepresentations made in the reports authored by PERRY, AGUIRRE and RODRIGUEZ, the Orange County District Attorney's Office filed criminal charges against KRETSCHMAR for allegedly violating Cal. Penal Code sections 69 and 148(a)(1).

38. The criminal charges were ultimately dismissed in the interest of justice.

39. As complained of herein above, none of the defendants to this action had a warrant for KRETSCHMAR's arrest, nor probable cause to believe that KRETSCHMAR had committed a crime, nor reasonable suspicion that

KRETSCHMAR was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by KRETSCHMAR.

40. Accordingly, the seizure of KRETSCHMAR by Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of KRETSCHMAR, in violation of his rights under the Fourth Amendment to the United States Constitution.

41. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained of herein, KRETSCHMAR: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

42. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of KRETSCHMAR's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Excessive/Unreasonable Use of Force on Person**
**(Against Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive)**

43. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44. As mentioned above and in addition to the above and foregoing, when KRETSCHMAR was unlawfully arrested, he was physically harmed by PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive. Specifically, when PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, brutalized

KRETSCHMAR while KRETSCHMAR was on the ground, including punching KRETSCHMAR and striking KRETSCHMAR with their knees.

45. The actions of Defendant PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of KRETSCHMAR's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

46. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained of herein, KRETSCHMAR: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

47. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of KRETSCHMAR's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

**THIRD CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth and Fourteenth Amendment Right**
**(Against Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive)**

48. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49. As shown above, PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, unlawfully arrested KRETSCHMAR, used excessive force upon KRETSCHMAR and intentionally included false information in their reports

to induce the Orange County District Attorney's Office to prosecute KRETSCHMAR.

50. Also as shown above, PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, knew that plaintiff KRETSCHMAR had not committed any violations, and, nonetheless, authored bogus police reports and accused plaintiff KRETSCHMAR of various acts.

51. Said police reports authored by PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, also contained material misrepresentations of facts, including claiming that KRETSCHMAR was violent, assaultive, resisted and delayed PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, all of which was not true, upon which the Orange County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of plaintiff KRETSCHMAR.

52. Relying upon the misrepresentations made in the reports authored by PERRY, AGUIRRE and RODRIGUEZ, the Orange County District Attorney's Office filed criminal charges against KRETSCHMAR for allegedly violating Cal. Penal Code sections 69 and 148(a)(1).

53. Moreover, said criminal action against KRETSCHMAR was dismissed by the Orange County District Attorney's Office.

54. Moreover, said criminal action was procured by said defendants with malice.

55. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained of

herein, KRETSCHMAR: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

57. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of KRETSCHMAR's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights –**
**Deliberate Fabrication of Evidence**
**(Against Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive)**

58. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57, inclusive, above, as if set forth in full herein.

59. PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute KRETSCHMAR.

60. The reports authored by PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, are littered with intentional material misrepresentations.

61. These reports were ultimately submitted to the Orange County District Attorney's Office and relied upon during the prosecution of KRETSCHMAR.

62. Defendants alleged in their reports that KRETSCHMAR was violent, assaultive, resisted, and delayed PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive. All of which were not true and defendants knew these statements were not true.

63. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of KRETSCHMAR.

64. The actions of PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of KRETSCHMAR's rights under the Fourteenth Amendment to the United States Constitution.

65. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained of herein, KRETSCHMAR: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

66. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of KRETSCHMAR's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful Search of Vehicle**
**(Against Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive)**

67. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 66, inclusive, above, as if set forth in full herein.

68. As shown above, Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, searched the plaintiff's vehicle without a warrant, lawful-consent, an emergency or any other legal justification.

69. The actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, complained of in this action in entering, searching and seizing plaintiff's vehicle constituted an unlawful and unreasonable entry into and seizure of the Plaintiff's vehicle in the absence of a warrant, consent, or an emergency, in violation of the plaintiff's rights to be free from such entry, search and seizure of plaintiff's vehicle / property under the Fourth Amendment to the United States Constitution.

70. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $5,000,000.00.

71. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00 for each defendant, save CITY.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –**
**Unlawful Seizure of Vehicle**
**(Against Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive)**

72. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73. As shown above, Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, caused KRETSCHMAR's vehicle to be towed without a warrant, lawful-consent, an emergency or any other legal justification.

74. The actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, complained of in this action in causing KRETSCHMAR's vehicle to be towed constituted an unlawful and unreasonable seizure of the Plaintiff's vehicle in the absence of a warrant, consent, or an emergency, in violation of the plaintiff's rights to be free from such seizure of plaintiff's vehicle / property under the Fourth Amendment to the United States Constitution.

75. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $5,000,000.00.

76. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00 for each defendant, save CITY.

/ / /

/ / /

/ / /

/ / /

/ / /

**<u>SEVENTH CAUSE OF ACTION</u>**
**<u>VIOLATION OF 42 U.S.C. § 1983</u>**
**Violation of First Amendment Rights –**
**Violation of Freedom of Speech**
**(Against Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive)**

77. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78. Moreover, the conduct of Defendant PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, violated KRETSCHMAR's right to freedom of speech, specifically when they authored false and misleading police reports in an effort to induce the district attorney's office into prosecution KRETSCHMAR for violating Cal. Penal Code sections 69 and 148(a)(1). Relying upon the misrepresentations in the police reports, the Orange County District Attorney's Office filed criminal charges against KRETSCHMAR for violating Cal. Penal Code sections 69 and 148(a)(1).

79. Defendants PERRY, AGUIRRE, RODRIGUEZ, and DOES 1 through 6, inclusive, knew that securing KRETSCHMAR's conviction for violations of California Penal Code sections 69 and 148(a)(1) would effectively foreclose his ability to seek judicial redress for the constitutional violations alleged herein, because such convictions would bar his false arrest and excessive force claims under *Heck v. Humphrey*, 512 U.S. 477 (1994).

80. A substantial or motivating factor in the decisions of Defendant PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, to take the adverse actions against plaintiff as complained of above and below, was to prevent Plaintiff's exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

81. The conduct of PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

82. As a direct and proximate result of said adverse actions taken against said plaintiff by PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $5,000,000.00.

83. The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
## (Against Defendant CITY)

84. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 83, inclusive, above, as if set forth in full herein.

85. As complained of herein above, the acts of defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, deprived Plaintiff of his rights under the laws of the United States and The United States Constitution.

86. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiff, including knowing what conduct rises to the level of a violation of Penal Code § 148(a)(1) and Penal Code § 69 and when reasonable force may be used against a person.

87. CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

88. The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive.

89. CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff's injuries.

90. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

**NINTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, or Custom**
**(Against Defendant CITY)**

91. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 though 90, inclusive, above, as if set forth in full herein.

92. As shown above, the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, deprived plaintiff of his particular rights under the United States Constitution, as described above.

93. At all times complained of herein, Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages, and practices of the Orange Police Department / Defendant CITY: 1) unlawfully arresting persons; 2) using excessive force; 3) maliciously prosecuting persons; 4) preventing persons from petitioning to seek

redress; and 5) for covering up unlawful and tortious conduct by Orange Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

94. Said actions of said defendants were done by them under the color of state law.

95. As a proximate result of said defendants acting pursuant to said policies, customs, usages, and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

96. As a direct and proximate result of the actions of Defendants PERRY, AGUIRRE, RODRIGUEZ and DOES 1 through 6, inclusive, as complained of herein, KRETSCHMAR: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $3,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

*/s/ Gregory Peacock*
GREGORY PEACOCK